FILED
SUPERIOR COURT

2018 FEB -7 AM 11: 11

CLERK OF COURT
BY:



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GERALD A. SHIMIZU,<br><br>　　　　　Defendant. | Superior Court Case No. <u>**CM0388-17**</u><br><br>**FINDINGS OF FACT AND CONCLUSIONS<br>OF LAW** |

The People of Guam charge Defendant Gerald A. Shimizu with Harassment (as a Petty Misdemeanor). The Court held a bench trial on January 4, 2018.[1] Having evaluated the evidence and applicable law, the Court finds Shimizu **GUILTY** of Harassment (as a Petty Misdemeanor).

## I.　BACKGROUND

Following the People's charge of Harassment, Shimizu waived his right to a speedy trial. Magistrate's Compl. (July 5, 2017); Waiver of Speedy Trial (July 28, 2017). During the bench trial, Emmanuel Mangune, Jr., Diosdado Magbita Mangune, Phoebe Estela Bautista Tadeo and GPD Officer Beltran D. Tosco testified. At the end of trial, the Court took the matter under advisement.

## II.　FINDINGS OF FACT

In proceedings where the Court serves as the trier of fact, the Court weighs the evidence,

---

[1] Assistant Public Defender Attorney Zachary Taimanglo represents Shimizu; Assistant Attorney General Christine Tenorio represents the People of Guam.

ORIGINAL

determines the credibility of the witnesses, and draws reasonable inferences from proven facts. *See U.S. v. Taylor*, 716 F.2d 701, 711 (9th Cir. 1983) (noting that it is the exclusive province of the trier of fact "to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts"). Based on a review of the evidence and testimony admitted in this matter at the Bench Trial, the Court makes the following findings of fact:

1.  The Mangunes reside at 878 Balaku Street, Mongmong. Shimizu lives across the street from the Mangunes. Although the Mangunes recognize Shimizu as their neighbor, they do have any relationship with him.

2.  Emmanuel Mangune testified that he had three separate interactions with Shimizu on July 4, 2017, and that Shimizu's behavior escalated with each interaction. Emmanuel Mangune's fiance, Tadeo, and his Uncle also witnessed Shimizu's behavior.

3.  First, around 5:00pm, as Emmanuel Mangune and Tadeo were leaving the residence, Shimizu stopped his silver truck in front of the residence, stared at them and then gestured with the middle finger. Shimizu was four to five feet away from them. As Emmanuel Mangune tried to approach Shimizu and ask what was wrong, Shimizu laughed and drove away.

4.  Second, around 6:30pm, Emmanuel Mangune and Tadeo returned home. As they exited the car, Tadeo noticed Shimizu approach them with an open pocket knife and beer bottle in hand. Shimizu whispered "come here, come here" to Emmanuel Mangune while tapping Emmanuel Mangune's fence. Tadeo entered the residence to call the police.

5.  Shimizu's unidentified relative approached and apologized for Shimizu.

6.  Emmanuel Mangune then told Tadeo not to call the police.

ORIGINAL

7. Lastly, around 8:00 p.m., as Emmanuel Mangune, his uncle and fiance ate dinner, they heard a loud bang on their screen door and the dogs started barking. Emmanuel Mangune observed Shimizu standing at his door with a machete in one hand and a beer bottle in the other.

8. Shimizu told Emmanuel Mangune to "Come out, come out" to which Emmanuel Mangune responded "We Want Peace" and yelled "He has a machete!" to warn the others.

9. Emmanuel Mangune and his family remained in the residence during this third encounter.

10. Shimizu left, returned to his truck and drove away.

11. As Shimizu walked away, Emmanuel Mangune observed Shimizu use the blunt side of his machete to push Emmanuel Mangune's dog out of his way. The dog was not injured.

12. Tadeo called GPD and informed them of Shimizu causing a disturbance. She also told them the make and model of Shimizu's car -- a silver Ford F150 pickup truck.

13. Officer Beltran D. Tosco arrived and spoke with Mangune, Mangune's uncle and Tadeo about their complaint. As they were spoke to Mangune, the vehicle matching Tadeo's description returned and pulled near Shimizu's residence. Shimizu exited the vehicle and went into his residence.

14. Officer Tosco identified Shimizu and asked him to exit the residence. Shimizu exited, sat in a chair near the carport area but made no statement. When officers asked if he would accompany them due to their neighbor's complaint, Shimizu responded "There's no precinct. No Agana precinct." Officer Tosco believed that Shimizu was visibly intoxicated. During Officer Tosco's interview of Shimizu, Shimizu denied Emmanuel

ORIGINAL

Mangune's allegations of causing a disturbance.

## II.     CONCLUSIONS OF LAW

### A. Identity of Shimizu as Defendant in this Matter

As an initial matter, the Court acknowledges that identity of the Shimizu as the individual who committed a crime is an element of every crime that must be proven beyond a reasonable doubt. *See U.S. v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995) ("[i]dentification of the defendant as the person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt; *United States v. Weed*, 689 F.2d 752, 754 (7th Cir. 1982) ("[i]dentification can be inferred from all the facts and circumstances that are in evidence").

The Mangunes and Tadeo all positively identified Shimizu at trial as the same neighbor who approached them during three separate incidents on or about July 4, 2017. Additionally, Tadeo provided a description of Shimizu's vehicle when she called GPD since Shimizu drove away after the incident with the machete. As GPD was taking statements, Shimizu returned in the described vehicle and returned to his residence. The Court determines that the People have established Shimizu's identity beyond a reasonable doubt.

### B. Harassment (as a Petty Misdemeanor)

According to Guam law, the crime of Harassment is a petty misdemeanor. Specifically, the law defines that:

> a person commits a petty misdemeanor if, with intent to harass another, he engages in any other course of alarming conduct or of repeatedly committed acts which alarm or seriously annoy such other person serving no legitimate purpose of the defendant.

9 GCA § 61.20(c). For this case, the People must prove beyond a reasonable doubt that Shimizu:

ORIGINAL

(1) On or about July 4, 2017;

(2) In Guam;

(3) With intent to harass another;

(4) Engaged in a course of alarming conduct or repeatedly committed acts;

(5) Which alarm or seriously annoy another person, that is Emmanuel Mangune, Jr.;

(6) Serving no legitimate purpose of Shimizu.

*See* 9 GCA § 61.20(c).

Elements (1) and (2) are proven beyond a reasonable doubt since GPD responded to a purported disturbance reported by Tadeo on July 4, 2017 at Balaku Street in Mongmong, Guam. As to element (3) and (4), in the short span of four to five hours, Shimizu repeatedly initiated an unwelcome and bothersome interaction with the Mangunes and Tadeo. Moreover, these instances escalated. Although the first instance took place while Shimizu was in his car, by the second and third incident Shimizu had moved onto the Mangunes' property with weapons. The second time Shimizu possessed an open pocket knife only to later return and bang on the Mangunes' door with a machete. These incidents served no purpose or context which allows the Court to infer that Shimizu possessed the intent to repeatedly harass Mangune. Given that the Tadeo called the police upon Mangune's instruction, the Court also finds that the People have proven element (5) that Shimizu's repeated and escalating behavior while intoxicated caused Emmanuel Mangune alarm. Lastly, the Court finds that under element (6), Shimizu's actions served no legitimate purpose. The Mangunes testified that although they recognized Shimizu as their long-time neighbor, they hold no relationship with him, friendly or otherwise. In each incident, Shimizu initiated the contact and then retreated to his residence without any

ORIGINAL

had no relationship with him, friendly or otherwise. In each incident, Shimizu initiated the contact and then retreated to his residence without any provocation from the Mangunes or Tadeo. Between each incident was a period of time in which there was no interaction between the parties. The Court was provided with no context for why Shimizu repeatedly approached Mangunes' residence. Further, the Court notes that Emmanuel Mangune attempted to de-escalate the situation: he asked Shimizu what was wrong during the first incident, spoke to Shimizu's relative after the second incident, and also instructed Tadeo to call the police during the third incident. The Court finds that Shimizu's repeated, self-initiated actions involving weapons caused the Mangunes and Tadeo serious alarm for no legitimate purpose. Thus, based on the facts as established above, the Court finds Shimizu **GUILTY** of Harassment (as a Petty Misdemeanor) beyond a reasonable doubt.

## III.     CONCLUSION AND ORDER

For the reasons set forth above, the Court finds Shimizu **GUILTY** of Harassment (as a Petty Misdemeanor).

The Court schedules a sentencing hearing for February 28, 2018, at 11:00 a.m.

SO ORDERED this 6th day of February 2018.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: _____ Time: 1150

Clerk, Superior Court of Guam

ORIGINAL